UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-CV-60116-COHN/SELTZER

DISBROW ENTERPRISES, INC., a
Florida corporation,

    Plaintiff,

vs.

LASTEC, an unincorporated division of
WOOD-MIZER PRODUCTS, INC., an
Indiana corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Motion for Partial Summary Judgment [DE 19]. The Court has considered the argument presented to this Court on July 24, 2009, the Motion and related exhibits, Plaintiff's Opposition [DE 25] and related exhibits, Defendant's Reply [DE 30], the record in this case, and is otherwise advised in the premises.

Plaintiff served as a dealer of commercial mowers and spare parts that are manufactured by Defendant. On September 23, 2002, Plaintiff and Defendant, entered into a dealer agreement ("Agreement") under which Defendant was to furnish parts and equipment to Plaintiff for resale. (Complaint, DE 1, ¶¶ 5-6, Ex. B.) Plaintiff filed a Complaint against Defendant alleging numerous claims, including tortious interference with advantageous business relationship, breach of contract, and unjust enrichment. Defendant brought a counterclaim, alleging breach of contract for failure to pay for

products furnished to Plaintiff, unjust enrichment, and conversion. The issue now before the Court is whether Defendant is entitled to summary judgment on its breach of contract counterclaim.

Defendant's Motion asserts that: (1) it is undisputed that the Agreement between the parties is a valid contract; (2) Plaintiff had a duty to pay for products supplied by Defendant; (3) Plaintiff admits that it has not yet paid for some of the products and parts it received from Defendant; and (4) to date, Plaintiff owes to Defendant $107,861.94 for Defendant's products and freight charges. (Motion at 3-5.)

Plaintiff asserts that Defendant's Motion should be denied because: (1) the net amount Plaintiff owes Defendant is in dispute; and (2) the breach of contract counterclaim is inextricably interwoven with the underlying Complaint. (Opposition at 2-6.)

At oral argument, it was apparent that the parties dispute the amount of money Plaintiff owes to the Defendant. The parties agree that Plaintiff has a total outstanding balance of $112,792.28. In addition, the parties agree that the amount Plaintiff owes to Defendant is the total outstanding balance minus the dollar amount of credits that Plaintiff is entitled to. However, the parties dispute the total amount of credits and, therefore, the total amount Plaintiff owes to Defendant is also in dispute. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment [DE 19] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of August, 2009.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF